**ZOLNAY, Appellant, v. L. A. BURGETT CO. et, Appellees.**

Ohio Appeals, Ninth District, Lorain County.

No. 1259.   Decided February 13, 1952.

Henry P. Webber, Lorain, for appellant.
William G. Wickens, Lorain, for appellee The L. A. Burgett Co.

## OPINION

By DOYLE, J.

There is presented a motion for an order dismissing the appeal on questions of law and fact and the fixing of a time "for the settlement of a bill of exceptions, whereby this appeal may be heard on questions of law * * *."

It appears by inspection of the record that an appeal bond has not been filed. The appellant, in excuse for his failure to take the required statutory step for an appeal on questions of law and fact, states by affidavit that the trial court had refused to fix the amount of the bond to be given. This statement is denied by the trial judge, with the following comment: "approximately three weeks ago, following * * * (the) overruling of the appellant's motion for a new trial, affiant told Mr. Henry P. Webber, attorney for the appellant, that Mr. William G Wickens, attorney for the appellees, wanted to be heard on the question of the amount of the appeal bond; that affiant then told said Mr. Webber to confer with said Mr. Wickens, fixing a time when they could both appear before said affiant on the question of the amount of said bond; that said Mr. Webber then promised said affiant that he would confer with said Mr. Wickens on this subject; that since that time affiant has had no conversation or other dealings with said Mr. Webber on the subject of said bond; and that affiant has never refused to fix the amount of said appeal bond." It also appears by the affidavit of Mr. Wickens, counsel for one of the appellees, that Mr. Webber "at no time contacted * * * (him) with respect to his intention or desire to file an appeal bond * * *."

From the statements above, it appears that the trial court did not refuse to fix the amount of an appeal bond, but did suggest a procedure for a hearing on the determination of the amount of the bond which was not carried through by attorney Webber for his appellant.

The fact remains that an appeal bond was not filed within the provisions of §12223-4 GC. We are not called upon to determine the question of whether an absolute refusal of the trial court to fix the amount of the bond would create an exception to the mandatory provisions of the statute, because we find from the facts that the failure to have the bond fixed in amount and filed was due entirely to the failure of counsel for appellant to carry out a reasonable request of the court.

It is our conclusion, therefore, that an appeal on questions of law and fact was not properly perfected, because of the failure to file an appeal bond under the provisions of §12223-6 GC.

Under the appellate procedure practice, the appeal will be retained and stand for hearing as an appeal on questions of law (**Bauer v. Grinstead, 142 Oh St 56**), and, under the authority of §11564 GC, the appellant will be granted thirty days for the preparation, settlement and filing in the Court of Common Pleas of a bill of exceptions.

The motion is sustained, and the motion of the appellant to dismiss the motion here decided is overruled.

Motion of appellee sustained.

Motion of appellant overruled.

HUNSICKER, PJ, STEVENS, J, concur.